UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANDRE MCRAE,

    Plaintiff,

v.                                              Case No. 5:17-cv-299-Oc-02PRL

CHARLES LOCKETT, FNU SHIPPEE,
FNU HILL, FNU SIERRA, FNU KLONTZ,
FNU UPCHURCH, FNU ALEJANDRO,
FNU TAYLOR, and MICHAEL PINEIRO,

    Defendants.
_____/

## ORDER

    This matter comes before the Court on review of Plaintiff's "Motion to Hold Defendant's Motion to Dismiss in Abeyance" (Dkt. 71), his supplement to that motion (Dkt. 72), and Defendants' response in opposition (Dkt. 78). Upon consideration, the Court concludes that the motion is due to be denied as moot.

    Plaintiff filed a second amended complaint in which he asserted claims against multiple defendants in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Dkt. 21. Defendants filed a motion to dismiss, arguing in part that Plaintiff's *Bivens* claims should be dismissed because *Bivens* does not provide a remedy for the type of

claims alleged in the second amended complaint. Dkt. 59. In so doing, they relied on the Supreme Court's recent opinion in *Ziglar v. Abbasi*, __ U.S. __, 137 S. Ct. 1843 (2017). Rather than responding, Plaintiff filed a motion and asked the Court to hold its consideration of the motion to dismiss in abeyance pending the Eleventh Circuit's decision in a pending interlocutory appeal in *Johnson v. Burden*, No. 18-11937, which he described as "involving the precise issue" at stake in the motion to dismiss. Dkt. 71 at 2. He then supplemented the motion and stated that, on reflection, *Johnson* was not relevant to the instant case. Dkt. 72. Instead, he asked the Court to hold the motion to dismiss in abeyance pending the resolution of any appeal in *Hammonds v. Cuevas*, No. 17-cv-23341, 2018 U.S. Dist. LEXIS 142835 (S.D. Fla. Aug. 21, 2018), and pending the resolution of the appeal in *Rager v. Augustine*, No. 18-10834 (11th Cir.).

The Court concludes that there is no reason to defer consideration of Defendants' motion to dismiss. The *Rager* appeal has concluded. *See Rager v. Augustine*, __ F. App'x __, No. 18-10834, 2019 WL 413750 (11th Cir. Feb. 1, 2019). In addition, the Court has reviewed the docket in *Hammonds v. Cuevas*. The *Hammonds* court adopted the magistrate judge's report and recommendation and dismissed the complaint in that case with prejudice on October 24, 2018. *See Hammonds v. Cuevas*, No. 1:17-cv-23341-CMA, Dkt. 50 (S.D. Fla. Oct. 24, 2018). The time for filing an appeal has passed without a notice of appeal being filed.

Accordingly, Plaintiff's motion is denied as moot. By previous Order, the Court extended the deadline for Plaintiff to respond to the motion to dismiss to 30 days after a ruling on this motion. Dkt. 76. Accordingly, Plaintiff shall file his response to the motion to dismiss on or before May 16, 2019. The Court recognizes that Plaintiff alleges that his legal papers have been confiscated and has filed a motion requesting a copy of the entire Court file at Defendants' expense. Dkt. 67. The Court has not yet ruled on that motion but will do so at a later date. For purposes of responding to the motion to dismiss, however, Plaintiff should need only his second amended complaint and Defendant's motion to dismiss. See Dkt. 69 at 1. Accordingly, the Clerk of Court is directed to send courtesy copies of Plaintiff's second amended complaint (Dkt. 21) and Defendants' motion to dismiss (Dkt. 59) to Plaintiff with a copy of this Order.

**DONE AND ORDERED** at Tampa, Florida, on April 16, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Plaintiff, pro se